UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FRANCES T. LACK, *et al.*, | : | Case No. 1:12-cv-553 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| BANK OF AMERICA, N.A., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANT SELECT PORTFOLIO INC.'S MOTION TO DISMISS (Doc. 18)**

This civil action is before the Court on Defendant Select Portfolio Servicing, Inc.'s motion to dismiss (Doc. 18), and the parties' responsive memoranda (Docs. 21, 22).[1]

### I. FACTS ALLEGED BY THE PLAINTIFFS

For purposes of this motion to dismiss, the Court must: (1) view the amended complaint in the light most favorable to Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

On September 11, 2012, Plaintiffs filed an amended complaint which added SPS as a party to this action. As alleged in the amended complaint, SPS became the servicer of Plaintiffs' residential mortgage loan around September 1, 2012, after the initial complaint was filed. (Doc. 9 at ¶ 13). Both the complaint and the amended complaint assert violations against Defendant Bank of America, N.A. ("BANA"), Plaintiffs' loan servicer prior to SPS, and Wells Fargo, who is believed to claim a right to enforce

---

[1] Defendant Select Portfolio Servicing, Inc. ("SPS") is one of three Defendants. The other Defendants are Bank of America, N.A. and Wells Fargo.

Plaintiffs' note and mortgage. (*Id.* at ¶¶ 1-16). Those claims include: Breach of Contract (Count I), Promissory Estoppel (Count II), Fraud (Count III), Violation of the Real Estate Settlement Procedures Act ("RESPA") (Count IV), and Violation of Ohio's Consumer Sales Practices Act ("CSPA") (Count V). The amended complaint alleges that SPS, as the successor servicer, is also liable for the actions of its predecessors. (*Id.* at ¶ 26).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

2

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (citing Fed. Rule Civ. Proc. 8(a)(2)).

### III.  ANALYSIS

The law in Ohio is that successor companies are <u>not</u> liable for the liabilities of their predecessors unless certain well-defined exceptions are satisfied.  *Mickowski v. Visi-Trak Worldwide, LLC*, 415 F.3d 501, 509-10 (6th Cir. 2005).  *See also* 63 Am. Jur. 2 Products Liability § 119 ("[T]he general rule is one of successor nonliability.").  There are four exceptions to the general rule that the purchaser of a corporation's assets is not liable for the debts and obligations of the seller corporation: "(1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a de facto consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping

3

liability." *Welco Indus., Inc. v. Applied Cos.*, 617 N.E.2d 1129, 1132 (Ohio 1993) (*citing Flaugher v. Cone Automatic Mach. Co.*, 507 N.E.2d 331, 334 (Ohio 1987)).

The amended complaint does not contain any allegations that support an inference that any of the exceptions to successor nonliability applies to SPS.  Plaintiffs argue that discovery *may* reveal that SPS agreed to assume liability for predecessor servicer and owner actions under the first exception or that the mere continuation exception applies.  However, Plaintiffs fail to allege that SPS agreed to assume liability for the acts of its predecessor servicer or that the sale of servicing rights to SPS was unenforceable.  While the Court must take all well-plead factual allegations as true, Plaintiffs have simply failed to allege in the amended complaint that any of the exceptions to predecessor liability apply.  Accordingly, Plaintiffs have failed to state a claim against SPS upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6)

## IV.  CONCLUSION

Accordingly, for the reasons stated here, Defendant Select Portfolio Servicing, Inc.'s motion to dismiss (Doc. 18) is **GRANTED**, and Select Portfolio Servicing, Inc. is **TERMINATED** as a party to this civil action.

**IT IS SO ORDERED**.

Date:  4/16/13                                                              */s/ Timothy S. Black*
                                                                              Timothy S. Black
                                                                              United States District Judge

4